

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00499-CR

**IN RE** Nestor **HERNANDEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  July 23, 2014

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On July 17, 2014, relator Nestor Hernandez filed a pro se petition for writ of mandamus, complaining of the district clerk's handling of his post-conviction application for habeas corpus relief. In 2012, relator was convicted of felony arson of a business and sentenced to ten years' confinement. *See* TEX. PENAL CODE ANN. § 28.02 (West 2011). On March 6, 2013, this court dismissed the direct appeal from his judgment of conviction because the trial court's certification of his right to appeal stated that it was a plea-bargain case and Hernandez had no right of appeal. *Hernandez v. State*, No. 04-13-00017-CR, 2013 WL 820709, at \*1 (Tex. App.—San Antonio March 6, 2013, no pet.); *see* TEX. R. APP. P. 25.2(d). Relator's felony conviction thus became final.

---

[1] This proceeding arises out of Cause No. 2011CR9543-W2, styled *The State of Texas v. Nestor Hernandez*, pending in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding.

Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the exclusive means to challenge a final felony conviction."). Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus.

Accordingly, relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH